IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| DANIEL T. MACON, | 1:23-CV-00283-RAL |
| Plaintiff | RICHARD A. LANZILLO<br>Chief United States Magistrate Judge |
| vs. | MEMORANDUM OPINION ON |
| MRS. GRESSEL, CRNP; DR. CAMACHO;<br>AND MRS. MASON, CRNP, | DEFENDANTS' MOTION TO DISMISS<br>THE AMENDED COMPLAINT |
| Defendants | IN RE: ECF NO. 50 |

## I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Daniel T. Macon ("Macon"), an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), filed this *pro se* civil rights action against four individuals at the State Correctional Institution at Forest ("SCI-Forest") where Macon was previously incarcerated: Security Captain Carter, Dr. Camacho, and Certified Registered Nurse Practitioners ("CRNP") Gressel and Mason. *See* ECF No. 5. His Complaint asserted federal, constitutional, and state law claims based on the mental health care Macon received at SCI-Forest and actions taken in response to his request for the preservation of certain video footage. *See id.* The Court granted Defendant Carter's motion to dismiss the Complaint and dismissed with prejudice the claims against him. *See* ECF Nos. 42 and 43. The Court further granted Gressel, Mason, and Camacho's (collectively, "Medical Defendants") motion to dismiss the Complaint and dismissed Macon's § 1983 individual capacity claims, official capacity Americans with Disabilities Act ("ADA") claim, and state law claims without prejudice to Macon filing an amendment to cure their deficiencies. *See id.*

Thereafter, Macon filed an Amended Complaint against Medical Defendants asserting claims for violations of his rights under the Eighth Amendment to the United States Constitution, a claim under Title II of the ADA, and a state law medical malpractice claim. ECF No. 47. Macon brings his Eighth Amendment claims against Medical Defendants in their individual capacities, and his ADA claim against Defendants in their official capacities. *Id.*, p. 4. He seeks compensatory and punitive damages. *Id.*, p. 28.

Medical Defendants now move to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 50. They argue Macon's § 1983 claims are barred by the statute of limitations and further that the Amended Complaint fails to plead factual allegations sufficient to state a claim for relief. *See* ECF No. 51. Macon filed an opposition to the motion (ECF No. 55) and Medical Defendants replied (ECF No. 58). The matter is ripe for disposition.[1]

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). As with the prior motions to dismiss, in deciding the instant motion, the Court accepts as true the Amended Complaint's factual allegations[2] and examines them in a light most favorable to Macon. *See id.*; *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). However, the Court is "not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (internal

---

[1] The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367. The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case as authorized by 28 U.S.C. § 636(c).

[2] The Court set forth in detail the factual allegations of the original Complaint in its July 22, 2024 Memorandum Opinion. *See* ECF No. 42. The factual allegations in the Amended Complaint largely mirror the allegations set forth in the original Complaint. As such, the Court will not recite them here in full. Instead, the Court incorporates by reference that portion of its July 22, 2024 Opinion into this Memorandum, and will note any material differences between the two pleadings.

quotations and citations omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cal. Pub. Emps.' Ret. Sys. v. Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004); *McTernan v. City of York*, 577 F.3d 521, 531 (3d Cir. 2009). Further, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents" when deciding the motion to dismiss. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

In making its determination under Rule 12(b)(6), the court is not opining on whether the plaintiff is likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1216, pp. 235–36 (3d ed. 2004)); *see also Iqbal*, 556 U.S. at 678. Thus, a complaint should only be dismissed pursuant to Rule 12(b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Finally, because Macon is proceeding *pro se*, his Amended Complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). If the Court can reasonably read his Amended Complaint to state a valid claim upon which relief can be granted, it will do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *U.S. ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969).

### III.   DISCUSSION AND ANALYSIS

The Amended Complaint asserts the following claims: (1) an Eighth Amendment deliberate indifference to serious medical need claim based on Medical Defendants' alleged refusal

3

to treat Macon's complaints of depression and suicidality; (2) an Eighth Amendment cruel and unusual punishment claim alleging Defendants' refusal to treat Macon's mental health condition caused his confinement in the Restricted Housing Unit ("RHU") as punishment for his symptoms; (3) an ADA claim alleging Defendants denied Macon the opportunity to participate in the prison's program of medical services; and (4) a state law medical malpractice negligence claim alleging Defendants willfully ignored Macon's mental health condition by failing to thoroughly examine him or adequately report their observations. ECF No. 47, pp. 21–28.

Medical Defendants raise two arguments in support of their motion to dismiss the Amended Complaint: (1) Macon's claims are barred by the statute of limitations; and (2) the facts alleged are insufficient to state a claim under the Eighth Amendment, ADA, and Pennsylvania tort law. Macon concedes to the dismissal of his ADA claim and state law medical malpractice claim. *See* ECF No. 55, p. 13. These claims are therefore dismissed. The Court will address Defendants' remaining arguments in turn.

### A. Statute of Limitations

Pennsylvania's two-year statute of limitations for personal injury actions applies to Macon's constitutional and state law claims. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 457 n.9 (3d Cir. 1996) (citing 42 Pa. Stat. and Const. Stat. Ann. § 5524). Absent tolling, any claims that accrued more than two years prior to the filing of the action are barred. *See Bohus v. Beloff*, 950 F.2d 919, 924 (3d Cir. 1991). Additionally, the Prison Litigation Reform Act ("PLRA") mandates that an inmate exhaust "such administrative remedies as are available" before bringing a suit challenging his conditions of confinement. 42 U.S.C. § 1997e(a). This requirement applies to all claims relating to prison life that do not implicate the duration of the prisoner's sentence. *Porter v. Nussle*, 534 U.S. 516, 532

(2002). The statute of limitations is tolled while the prisoner exhausts such administrative remedies, *Wisniewski v. Fischer*, 857 F.3d 152, 158 (3d Cir. 2017); *Carter v. Pa. Dep't of Corr.*, 2008 WL 5250433, at *11 (E.D. Pa. Dec. 17, 2008) ("the statute of limitations begins to run only when plaintiff has exhausted his administrative remedies under the PLRA"), and exhaustion is not complete until a final appeal decision on the grievance, *see Jones v. Bock*, 549 U.S. 199, 218 (2007) ("to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'" as set forth by the prison grievance system (citation omitted)); *see also Basemore v. Vihlidal*, 605 F. App'x 105, 108 (3d Cir. 2015) ("exhaustion must be 'proper,' in that it adheres to deadlines and other critical procedural rules; the exhaustion requirement cannot be satisfied 'by filing an untimely or otherwise procedurally defective administrative grievance or appeal'" (citation omitted)).[3]

In ruling on Medical Defendants' motion to dismiss the original Complaint, the Court determined that, absent tolling, Macon's claims that accrued earlier than September 29, 2021, would be barred by the statute of limitations. *See* ECF No. 42, pp. 11–14. The Court noted that Macon's allegations in the original Complaint concerned Macon's tele-med appointments with Dr. Camacho and CRNP Mason in February 2021, interactions with CRNP Gressel in February and April 2021, and Macon's inability to obtain proper medication until on or shortly after August 3, 2021. *Id.*, p. 14. The Court thus found Macon's claims based on his mental health care and treatment accrued no later than August 3, 2021. *Id.* The Court further found that Macon complained about his February 2021 interactions with Medical Defendants in a grievance he filed on February 26, 2021 (Grievance No. 917267). *Id.*, p. 15. The Court determined Macon exhausted

---

[3] The Pennsylvania DOC's Inmate Grievance System Policy, DC-ADM 804, provides a three-stage grievance and appeals process that inmates must follow to exhaust their administrative remedies. *See Cameron v. Swartz*, 810 F. App'x 143, 145–46 (3d Cir. 2020).

this grievance on November 5, 2021; thus, his claims arising from his February 2021 interactions with Medical Defendants were sufficiently tolled for purposes of the motion to dismiss. *Id.* The Court noted, however, that it could not determine from the face of the Complaint whether any claims arising from events occurring after February 2021 were also tolled. *Id.*

The Amended Complaint restates Macon's allegations regarding his interactions with Medical Defendants in February and April 2021. *See* ECF Nos. 5 and 47.[4] Defendants argue all of Macon's claims arising from these interactions are barred by the statute of limitations because Macon did not file this action until September 29, 2023— "well beyond" two years after the claims accrued in February and April 2021. ECF No. 51 at 5. Such argument ignores this Court's July 22, 2024 Memorandum Opinion specifically finding that Grievance No. 917267 sufficiently tolled the statute of limitations for Macon's claims arising from the February 2021 interactions. *See* ECF No. 42, p. 15.[5] Medical Defendants further argue in their reply brief that Macon exhausted Grievance No. 917267 on September 22, 2021, thus making untimely any claims filed after September 22, 2023. ECF No. 58, p. 3. Again, this argument ignores the Court's prior finding that Macon exhausted Grievance No. 917267 on November 5, 2021. *See* ECF No. 42, p. 15.[6]

The Court therefore reaffirms its previous findings that Macon exhausted Grievance No. 917267 on November 5, 2021, the date he received the Final Appeal Decision, and that this

---

[4] Of note are the differences in Macon's allegations concerning April 21, 2021. Both pleadings allege Macon met with Defendant Gressel on April 21 and she prescribed him medication. In his original Complaint, Macon stated he "took the medication and did not feel any better," ECF No. 5, ¶ 20, while the Amended Complaint indicates Macon partially responded to the medication, ECF No. 47, ¶ 77.

[5] Macon's opposing brief repeats the Court's finding that Macon did not exhaust Grievance No. 917267 until November 5, 2021. *See* ECF No. 55, p. 6. Macon thus contends he timely filed his Complaint well before the statute of limitations expired on November 5, 2025. *Id.* The Court emphasizes that it only found the limitations period tolled for Macon's claims arising from his February 2021 interactions with Medical Defendants; the Court made no finding as to the timeliness of any claims arising from interactions occurring after February 2021. *See* ECF No. 42, p. 15.

[6] While it is true that the Final Appeal Decision is dated September 22, 2021, the copy of that decision appended to the Amended Complaint is stamped "RECEIVED" by the SCI-Forest Superintendent's Office on November 4, 2021, and "DELIVERED" to Macon on November 5, 2021. ECF No. 47-1, p. 24.

grievance tolled the statute of limitations for Macon's claims arising from his February 2021 interactions with Medical Defendants. The two-year limitations period began to run after exhaustion was complete and expired two years later, in November 2023. As such, Macon timely brought his claims related to the February 2021 interactions when he filed this action in September 2023. Accordingly, these claims are not subject to dismissal based on the statute of limitations.

While the Amended Complaint indicates Macon may have filed additional grievances about his mental health issues, *see* ECF No. 47, ¶ 43, Macon does not attach to his pleading any records for a grievance complaining about his April 2021 interactions with Defendant Gressel. Further, neither party addresses whether equitable tolling applies to any claims arising from the April 2021 interactions.[7] Thus, at this juncture, the Court cannot determine whether any claims against Gressel arising from her April 2021 interactions with Macon are properly exhausted and sufficiently tolled for purposes of the motion to dismiss.[8]

Finally, Medical Defendants do not specifically address the timeliness of Macon's conditions of confinement claim based upon his "isolation," and Macon does not attach to his pleading any records for a grievance complaining about the conditions he experienced in the RHU. *See Shifflett v. Korszniak*, 934 F.3d 356, 364 (3d Cir. 2019) ("Exhaustion is considered separately

---

[7] Medical Defendants requested from the Secretary's Office of Inmate Grievances and Appeals "full and complete copies of any and all grievances received by that office pertaining to Plaintiff" for the period of February 1, 2021 through January 4, 2024. ECF No. 58-2. However, Defendants append to their reply brief only the documents related to Grievance No. 917267. *See* ECF No. 58-3. Additionally, absent a sworn declaration by Defendants that the documents attached "constitute a complete and accurate record of Plaintiff's grievance proceedings," the Court cannot rely on such documents to determine whether Macon exhausted his administrative remedies as to any claim against Gressel arising from the April 2021 interactions, or any claim based on his conditions of confinement. *Sims v. Wexford Health Sources*, 2015 WL 4041771, at *5 (W.D. Pa. July 1, 2015), *aff'd*, 635 F. App'x 16 (3d Cir. 2015).

[8] Additionally, this may be a non-issue because it is not clear from the face of the Amended Complaint that Macon intends to bring any claims against Gressel specifically arising from the April 21, 2021 interaction. Rather, Macon's deliberate indifference to serious medical need claim appears to be premised on Medical Defendants' alleged refusal to treat his complaints of depression and suicidality in February 2021. *See* ECF No. 47, pp. 21–22. This conclusion is consistent with Macon's claims in Grievance No. 917267, alleging Medical Defendants denied him mental health treatment in February 2021. *See* ECF No. 47-1, p.1.

7

for each claim brought by an inmate, and if a complaint includes both exhausted and unexhausted claims, courts will dismiss the latter but not the former."); *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002) (failure to exhaust administrative remedies is an affirmative defense that the defendant must plead and prove). As such, the Court cannot determine when such claim accrued or whether it is properly exhausted.

Accordingly, on the current record, the Court cannot find that any of Macon's claims must be dismissed based on the statute of limitations. This holding, however, does not preclude Defendants from later raising a statute of limitations defense as to Macon's conditions of confinement claim based on his placement in the RHU, or any claim arising from his April 21, 2021 interactions with Defendant Gressel.

### B. Failure to State a Claim

As in the original Complaint, Macon's Amended Complaint alleges the treatment he received from Medical Defendants and his related conditions of confinement violated his Eighth Amendment right to be free from cruel and unusual punishment. Defendants argue the Amended Complaint fails to cure the pleading deficiencies of Macon's original Complaint, and that the facts alleged fail to state a viable claim for relief under either theory of liability. The Court agrees.

    i.    The Amended Complaint fails to allege facts to support Medical Defendants' deliberate indifference to Macon's serious medical needs.

Macon avers Medical Defendants acted with deliberate indifference to his mental health needs by refusing to treat his complaints of depression and suicidality. To establish a violation of his constitutional right to adequate medical care, Macon must allege facts that demonstrate: (1) he had a serious medical need, and (2) acts or omissions by prison officials that reflect deliberate indifference to that need. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *see also Estelle v. Gamble*, 429 U.S. 97, 104 (1976) ("deliberate indifference to serious medical needs of prisoners

constitutes the 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment" (citation omitted)). A serious medical need exists when "a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). Deliberate indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury, *see Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury," *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).

In ruling on Defendants' motion to dismiss the original Complaint, the Court found Macon's allegations concerning the nature and severity of his mental health condition satisfied the "serious medical need" element of his Eighth Amendment claim. ECF No. 42, p. 20. As to the second prong of the deliberate indifference test, however, the Court found the Complaint lacked factual allegations sufficient to show a complete denial or intentional delay of mental health care; rather, Macon's allegations indicated a dispute over the adequacy of the care he received. *Id.*, p. 22. The Court specifically noted that the Complaint was "replete with evidence of Macon's continuous and robust mental health care and treatment." *Id.*[9] Further, the Complaint made no allegations that Medical Defendants' treatment decisions fell below the standard of care, or that another provider recommended medication for Macon or that he be placed in a single cell. *Id.*, p. 23. Nor did the Complaint allege Medical Defendants had the authority and responsibility to issue Macon a Z code. *Id.* Macon's Amended Complaint does not cure these deficiencies.

---

[9] As in his original pleading, the Amended Complaint describes Macon's placement in a psychiatric observation cell ("POC") on February 9, 2021; meetings with Defendants Gressel and Camacho on February 10, 2021; Macon's placement in a POC on February 19, 2021, and meetings with mental health provider Mr. Christen and Defendant Mason that same date; meetings with the Program Review Committee ("PRC") and Defendant Gressel on February 25, 2021; meetings with the Psychiatry Review Committee ("PRT") and Defendant Gressel on unspecified dates following Macon's release from the POC; and an April 21, 2021 meeting with Defendant Gressel at which she prescribed Macon medication. ECF No. 47, pp. 5–7, 9–11, 14–15, 18.

9

The Amended Complaint fails to allege facts to support that Macon's mental health care and treatment were constitutionally deficient. The thrust of Macon's claim is that Medical Defendants should have done more or responded differently to address his complaints of depression and suicidality. But "an inmate's dissatisfaction with a course of medical treatment, standing alone, does not give rise to a viable Eighth Amendment claim," *Tillery v. Noel*, 2018 WL 3521212, at *5 (M.D. Pa. June 28, 2018) (collecting cases), and "the exercise by a doctor of his professional judgment is never deliberate indifference," *Gindraw v. Dendler*, 967 F. Supp. 833, 836 (E.D. Pa. 1997) (citing *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights.")). Macon alleges Medical Defendants disbelieved his threats of suicide and discharged him from the POC without treatment or restrictions, despite his pleas for help. *See* ECF No. 47, pp. 5–6, 11, 21–22.[10] Such allegations amount to, "at most, possible negligence, which is insufficient for an Eighth Amendment violation." *Hayes v. Gilmore*, 802 F. App'x 84, 88 (3d Cir. 2020) ("Allegations of mere negligent treatment or even medical malpractice do not trigger the protections of the Eighth Amendment."); *see Tillery*, 2018 WL 3521212, at *5 ("the mere misdiagnosis of a condition or medical need, or negligent treatment provided for a condition, is not actionable as an Eighth Amendment claim because medical malpractice standing alone is not a constitutional violation" (citing *Estelle*, 429 U.S. at 106)).[11] Macon further

---

[10] Additionally, Macon's own statements contradict any claim that he was discharged from the POC without a razor restriction after attempting to cut his wrists. *See* ECF No. 47-1, p. 16 (Macon states he was "now on razor restriction"); *see also id.*, p. 2 (PRC action dated February 25, 2021, stating Macon "is discharged from POC and is to be moved to the RHU" with "a razor restriction for 30 days").

[11] To the extent Macon argues in his opposition brief that Medical Defendants misdiagnosed his mental health issues and thereby caused him unnecessary pain and suffering, such "[a]llegations of negligent treatment are medical malpractice claims, not constitutional violation claims." *Gillespie v. Hogan*, 182 F. App'x 103, 105 (3d Cir. 2006) (citing *Estelle*, 429 U.S. at 105–06). Additionally, Macon "may not assert new claims or rely on new facts in response to a motion to dismiss." *Boston v. Prime Care Med., Inc.*, 2018 WL 3032853, at *5 n.6 (E.D. Pa. June 18, 2018); *see Hammond v. City of Philadelphia*, 2001 WL 823637, at *2 (E.D. Pa. June 29, 2001) (collecting cases).

complains Medical Defendants failed to comply with his requests for medication and a single cell, but it is well established that an inmate is not "entitled to a particular course of treatment or to have particular tests performed." *Sanchez v. Coleman*, 2014 WL 7392400, at *7 (W.D. Pa. Dec. 11, 2014) (citing *Jetter v. Beard*, 130 F. App'x 523, 526 (3d Cir. 2005)).  Moreover, Macon admits Gressel prescribed him medication,[12] and his allegations are too conclusory to infer that any Defendant denied or delayed his medication for nonmedical reasons or otherwise in deliberate indifference to his serious medical needs.  Further, even if Medical Defendants did have the authority to issue Macon a Z code, "the denial of Z-code status, by itself, is not cruel and unusual punishment and does not rise to the level of an Eighth Amendment violation." *Johnson v. Garman*, 2022 WL 21757202, at *8 (M.D. Pa. Mar. 29, 2022) (citation omitted), *report and recommendation adopted sub nom. Johnson v. Garmen*, 2022 WL 21757197 (M.D. Pa. May 2, 2022).  Nor does Macon "have a right to be housed in a particular facility or in a particular area within a facility." 37 Pa. Code § 93.11.

At its core, Macon's claim is based on a disagreement with Medical Defendants' assessment of his mental health condition.  But such disagreement does not amount to deliberate indifference.  *See, e.g.*, *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) ("mere disagreement as to the proper medical treatment" is insufficient to establish an Eighth Amendment claim (citation omitted)).  While it is clear that Macon disagrees with the treatment Medical Defendants provided to him, "there is a critical distinction 'between cases where the complaint alleges a complete denial of medical care and those alleging inadequate medical treatment.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017) (citation omitted).  As with his original pleading, Macon's Amended Complaint falls into the latter and thus fails to state a plausible Eighth Amendment

---

[12] According to the Amended Complaint, Gressel prescribed Macon medication on April 21, 2021, ECF No. 47, ¶ 76, and he was assigned a temporary Z-code at some point prior to July 1, 2021, *see* ECF No. 47-1, p. 53.

deliberate indifference claim. *See Young v. Quinlan*, 960 F.2d 351, 358 n.18 (3d Cir. 1992) ("disagreement with prison personnel over the exercise of medical judgment does not state a claim for relief" (citation omitted)), *superseded by statute on other grounds as stated in Nyhuis v. Reno*, 204 F.3d 65, 71 n.7 (3d Cir. 2000); *Hayes*, 802 F. App'x at 88 ("a disagreement in treatment . . . is not an actionable constitutional violation"); *Clark v. Doe*, 2000 WL 1522855, at *2 (E.D. Pa. Oct. 13, 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"); *see, e.g.*, *Payo v. Stechschulte*, 2022 WL 912588, at *7 (W.D. Pa. Mar. 29, 2022) (finding no deliberate indifference where it was undisputed that "Plaintiff was seen, evaluated and treated on a regular basis and was prescribed medication as medically needed"); *Baez v. Falor*, 2012 WL 4356768, at *40 (W.D. Pa. Sept. 24, 2012) ("Defendants' laughter and inappropriate comments . . . alone, while rude and insensitive if true, does not establish that Defendants were deliberately indifferent to Plaintiff's medical needs, particularly in light of the fact that Plaintiff was consistently provided with medical care and treatment." (collecting cases)), *aff'd*, 566 F. App'x 155 (3d Cir. 2014).

    ii.    The Amended Complaint fails to allege an extreme deprivation of life's basic necessities as contemplated by the Eighth Amendment.

Macon contends Medical Defendants' refusal to treat his mental health condition caused him to be confined on "lockdown" in the RHU as punishment for his symptoms. To prevail on an Eighth Amendment conditions of confinement claim, a prisoner must show (1) an objectively, sufficiently serious deprivation of life's necessities, and (2) the prison official acted with deliberate indifference by knowing of and disregarding an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001). An inmate is not entitled to relief simply because of exposure to uncomfortable or inconvenient conditions of confinement. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Thus,

to meet the objective component, a prisoner must show that the condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's necessities" or a "single, identifiable human need." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *see Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (only "extreme deprivations" are sufficient to make out an Eighth Amendment claim). These needs include "food, clothing, shelter, sanitation, medical care and personal safety." *Griffin v. Vaughn*, 112 F.3d 703, 709 (3d Cir. 1997). As to the subjective component, a prison official's conduct violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Farmer*, 511 U.S. at 847; *see id.* at 837 ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *see also Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 259 (3d Cir. 2010) ("A plaintiff may demonstrate deliberate indifference by showing that the risk of harm was 'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past' such that the defendants 'must have known' about the risk." (quoting *Farmer*, 511 U.S. at 842–43)).

In ruling on Medical Defendants' motion to dismiss the original Complaint, the Court found Macon failed to "elaborate upon the conditions he experienced or imply that any deprived him of a human need" and thus failed to state a viable conditions of confinement claim. ECF No. 42, p. 25. The Amended Complaint only marginally attempts to cure this deficiency and fails to allege facts to support that Macon's conditions of confinement violated the Eighth Amendment. Nor do the allegations describe conduct that could be construed as such.

Macon contends he spent "a year in confinement, where one of his neighbors squeezed feces threw [sic] his vent," and Macon had "to clog his vent with smash [sic] soap to block his

13

neighbor [sic] attack" until a correctional officer moved Macon to another cell. ECF No. 47, p. 19. Macon further describes having feces thrown on him while in the RHU yard, and other inmates "banging all night and day in the RHU," but does not indicate when or for how long he was exposed to such conditions. *Id.*, pp. 19–20. Additionally, Macon contends that on one occasion he did not get to shower after being sprayed with OC spray. *Id.* ¶ 46.[13] Such allegations fail to state an objectively, sufficiently serious deprivation, or that Medical Defendants were deliberately indifferent to Macon's concerns. *See, e.g.*, *Whitney v. Wetzel*, 649 F. App'x 123, 127 (3d Cir. 2016) (allegation that inmate was "was forced to live with mentally ill inmates at the SMU, where inmates banging on toilets and sinks created intolerable noise, the air stank of urine and feces, and he was exposed to inmates throwing urine and feces" failed to meet objective component of Eighth Amendment claim); *see also Betts*, 621 F.3d at 258 ("an Eighth Amendment violation may not be predicated on exposure to *any* risk of serious harm; the risk must be 'substantial'"). Further, to the extent Macon alleges he was denied mental health care in the POC or RHU, such contention is belied by the Amended Complaint's allegations referencing multiple meetings with Medical Defendants and the PRT during the relevant time period. *See supra* note 9. That Macon disagrees with Medical Defendants' response to his mental health complaints does not equate to a deprivation of medical care. The Amended Complaint therefore fails to establish that Macon's conditions of confinement while in the POC or RHU amount to a violation of the Eighth Amendment.

---

[13] As the Third Circuit has instructed, "use of tear gas is not 'a per se violation of the Eighth Amendment,'" and "[t]he use of mace, tear gas or other chemical agent of the like nature when reasonably necessary to prevent riots or escape or to subdue recalcitrant prisoners does not constitute cruel and inhuman punishment." *Passmore v. Ianello*, 528 F. App'x 144, 147 (3d Cir. 2013) (alteration in original) (citations omitted). While Macon may have been exposed to some OC spray, such exposure does not reflect deliberate indifference on the part of Medical Defendants, nor does it evidence behavior violative of the Eighth Amendment.

Further, as the Court noted in its prior Memorandum Opinion, Macon's placement in the POC or RHU does not per se constitute an unconstitutional condition of confinement. *See* ECF No. 42, p. 25; *Young*, 960 F.2d at 364 ("Segregated detention is not cruel and unusual punishment *per se*, as long as the conditions of confinement are not foul, inhuman or totally without penological justification."); *Hutto v. Finney*, 437 U.S. 678, 686 (1978) ("It is perfectly obvious that every decision to remove a particular inmate from the general prison population for an indeterminate period could not be characterized as cruel and unusual."). "[T]he decision where to house inmates is at the core of prison administrators' expertise," *McKune v. Lile*, 536 U.S. 24, 39 (2002), and they are "accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security," *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). As such, segregated confinement "may be a necessary tool of prison discipline, both to punish infractions and to control and perhaps protect inmates whose presence within the general population would create unmanageable risks." *Young*, 960 F.2d at 364; *see also Porter v. Pa. Dep't of Corr.*, 974 F.3d 431, 446 (3d Cir. 2020) ("In evaluating the subjective prong of the Eighth Amendment test, we may also consider whether officials 'had a legitimate penological purpose' behind their conduct." (citation omitted)).

Here, the Amended Complaint indicates corrections officials placed Macon in a POC on two occasions in February 2021 in response to his threats of self-harm and complaints of depression. *See* ECF No. 47, pp. 5, 9; ECF No. 47-1, p. 42. While the Court cannot discern from the record before it the precise timeline of Macon's placement in the RHU,[14] such placement in

---

[14] According to the Amended Complaint, corrections officers sent Macon to the RHU on February 13, 2021, after C/O Dioquardi wrote him a misconduct report for threatening to harm his cellmate. ECF No. 47, p. 8; *see* ECF No. 47-1, p. 43. On February 19, 2021, SCI-Forest Superintendent Oberlander ordered Macon to the POC for a week. ECF No. 47, p. 9. On February 25, 2021, Macon was discharged from the POC back to the RHU and continued on

and of itself does not violate the Eighth Amendment. *See Norris v. Davis*, 2011 WL 1627340, at *6 (W.D. Pa. Apr. 28, 2011) ("courts unanimously have found that the harsh conditions of confinement in the various restrictive housing units in the Pennsylvania state institutions, . . . without more, do[ ] not violate the Eighth Amendment" (collecting cases)). Nor does Macon's conclusory allegation that his placement in the RHU aggravated his mental illness suffice to show he was "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834; *see, e.g.*, *Graziano v. Pa. Dep't of Corr.*, 2023 WL 6389756, at *20 (W.D. Pa. Sept. 30, 2023) (allegation that inmate's mental health status put him at heightened risk of harm when held in RHU insufficient to show that such placement "violated civilized standards of humanity and decency" (quoting *Griffin*, 112 F.3d at 709)). Moreover, Macon admits his cell arrangement is applied by DOC security staff, not Medical Defendants, ECF No. 47, p. 26, and that it was "prison security not mental health" that ordered his placements to the POC and RHU, *id.*, p. 23. Finally, Macon's allegation that Medical Defendants' failure to respond to his mental health needs caused corrections officials to place him in the RHU as punishment for his symptoms is conclusory and without factual support. *See supra* note 14.

In sum, Macon fails to allege facts showing that the conditions he experienced in the POC or RHU denied him the minimal civilized measure of life's basic necessities. Moreover, his conclusory allegations are insufficient to infer that Medical Defendants acted with deliberate indifference to Macon's health or safety as related to any allegedly unconstitutional condition.

---

administrative custody status. *See id.*, ¶ 39; ECF No. 47-1, p. 2. Documents attached to the Amended Complaint indicate that on March 24, 2021, a disciplinary hearing examiner found Macon guilty of fighting and sanctioned him with 60 days disciplinary custody. ECF No. 47-1, p. 50. On March 25, 2021, a disciplinary hearing examiner found Macon guilty of refusing to obey an order to accept a cellmate in the RHU and sanctioned Macon with 30 days disciplinary custody. *Id.*, p. 48. On June 22, 2021, a disciplinary hearing examiner gave Macon 30 days disciplinary custody for refusing to obey an order to move from the RHU to general population. *Id.*, p. 52. A July 1, 2021 Initial Review Response to Grievance No. 932079 states Macon "is currently assigned a temporary Z-code and being processed for placement in Restricted Release status." *Id.*, p. 53.

Accordingly, the Amended Complaint fails to state a viable Eighth Amendment conditions of confinement claim against the Medical Defendants.

### C. Leave to Amend

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). The Court may deny leave to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). And though "the grant or denial of an opportunity to amend is within the discretion of the District Court," it may not "outright refus[e] to grant the leave without any justifying reason appearing for the denial." *Id.* These instructions are equally applicable to *pro se* litigants and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

In this case, despite the Court affording Macon the opportunity to amend and cure the deficiencies in his claims, Macon has failed to do so, and it is clear that further amendment would be futile. Macon's own factual allegations negate his conditions of confinement and deliberate indifference to serious medical needs claims, as well as his ADA claim.[15] The Court therefore

---

[15] The Amended Complaint asserts Medical Defendants discriminated against Macon in violation of the ADA by denying his participation in the prison's program of medical services. ECF No. 47, p. 26. As the Court previously found, "Macon's allegation that Medical Defendants provided him inadequate mental health care because of their reluctance to treat his mental health needs with medication and a Z code" is not actionable under the ADA. ECF No. 42, p. 29; *see also Mattis v. Dep't of Corr.*, 2017 WL 6406884, at *16 (W.D. Pa. Dec. 15, 2017) (claim based on defendants' refusal to accommodate inmate's request for a single cell "does not implicate a service, program, or activity contemplated by the ADA" (collecting cases)). Additionally, to the extent Macon's ADA claim is premised on an allegation that he was placed in the RHU because of his mental disability, such claim is contradicted by documents attached to his pleading indicating prison officials placed Macon in the RHU because of his misconduct. *See supra* note 14; *see, e.g.*, *Stratton v. Steve*, 2014 WL 320131, at *12 (W.D. Pa. Jan. 29, 2014) ("RHU housing does not equate with denying benefits"), *aff'd*, 2016 WL 11772748 (3d Cir. Jan. 5, 2016). Finally, the Amended Complaint

finds it would be futile to allow Macon to file an amended complaint with respect to his Eighth Amendment and ADA claims and will dismiss these claims with prejudice. *See, e.g.*, *Clark*, 2000 WL 1522855, at *4 n.3 (reasoning that plaintiff's "allegations concerning his medical treatment are sufficiently clear for [the court] to conclude that they are well below the standard for deliberate indifference established in *Estelle*"; thus, "[a]llowing plaintiff to more precisely plead these allegations in an amended complaint would be futile"). As to Macon's medical malpractice claim, Macon has several times been put on notice that such claim is subject to dismissal for failure to produce a certificate of merit. Macon did not file the required certificate, nor does the record suggest he has taken any steps to remedy this deficiency. Under such circumstances, and considering that Macon concedes to the same, dismissal is appropriate.[16]

## IV.  CONCLUSION

For the foregoing reasons, Medical Defendants' motion to dismiss the Amended Complaint will be GRANTED. Pursuant to the motion and the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), Macon's Eighth Amendment claims and ADA claim are dismissed with prejudice for failure to state a claim. Macon's state law medical malpractice claim is dismissed without prejudice for failure to comply with the certificate of merit requirement. A separate order follows.

---

fails to plead any facts to support Medical Defendants' liability as a private entity. *See Happel v. Bishop*, 2024 WL 1508561, at *4 (W.D. Pa. Feb. 22, 2024) ("a private corporation does not become a public entity amenable to suit under Title II of the ADA . . . 'merely because it contracts with a public entity to provide some service'" (citation omitted)), *report and recommendation adopted*, 2024 WL 1003902 (W.D. Pa. Mar. 8, 2024).

[16] Although Rule 1042.3 of the Pennsylvania Rules of Civil Procedure requires dismissal of Macon's medical malpractice claim, the Court will do so without prejudice. *See Booker v. United States*, 366 F. App'x 425, 427 (3d Cir. 2010); *Young v. Halligan*, 2019 WL 1427249, at *6 n.5 (W.D. Pa. Mar. 29, 2019), *aff'd*, 789 F. App'x 928 (3d Cir. 2019). Macon may yet have recourse on this claim if he can file an appropriate certificate of merit and "demonstrate a reasonable explanation or legitimate excuse for untimely filing." *Ramos v. Quien*, 631 F. Supp. 2d 601, 612 (E.D. Pa. 2008). However, because there remains no basis for federal jurisdiction in this action, Macon is instructed to file such claim—if he elects to do so—in the appropriate court.

DATED this 15th day of April, 2025.

                            BY THE COURT:

                            */s/ Richard A. Lanzillo*

                            RICHARD A. LANZILLO
                            CHIEF UNITED STATES MAGISTRATE JUDGE